Nicholas O. Kennedy
(State Bar No. 280504)
nicholas.kennedy@bakermckenzie.com
**BAKER & McKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, TX 75201
Telephone:  214 978 3000
Facsimile:    214 978 3099

Thomas Tysowsky
(State Bar No. 330022)
thomas.tysowsky@bakermckenzie.com
**BAKER & McKENZIE LLP**
10250 Constellation Blvd., Suite 1850
Los Angeles, CA 90067
Telephone:  310 201 4728
Facsimile:    310 201 4721

Mark D. Bloom (*Pro Hac Vice*)
Reginald Sainvil (*Pro Hac Vice*)
mark.bloom@bakermckenzie.com
reginald.sainvil@bakermckenzie.com
**BAKER & McKENZIE LLP**
1111 Brickell Avenue, Suite 1700
Miami, FL 33131
Telephone: 305 789 8927
Facsimile:  305 789 8953

Attorneys for FOREIGN DEBTOR
VITALY IVANOVICH SMAGIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>VITALY IVANOVICH SMAGIN,<br><br>Foreign Debtor | Case No: 2:21-cv-08447-RGK<br><br>[Regarding U.S. Bankruptcy Court for the Central District of California Chapter 15 Case No. 2:21-bk-15342-BB]<br><br>**REPLY IN SUPPORT OF FOREIGN DEBTOR VITALY IVANOVICH SMAGIN'S MOTION FOR WITHDRAWAL OF REFERENCE**<br><br>The Hon. R. Gary Klausner<br>Date: December 6, 2021<br>Time: 9:00 a.m.<br>Place: Courtroom 850 - 8th Floor<br>     Roybal Federal Building and<br>     U.S. Courthouse<br>     255 E. Temple Street<br>     Los Angeles, CA 90012 |

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

Case No. 2:21-cv-08447-RGK
REPLY OF FOREIGN DEBTOR ISO OF MOTION FOR WITHDRAWAL OF REFERENCE

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................ 1

LEGAL ARGUMENT .............................................................................................. 2

    A.    The Withdrawal Motion is Timely. ............................................................. 2

    B.    Considerations of Efficiency Support Withdrawal of the Reference. .......... 4

    C.    Withdrawal of the Reference Will Expedite the Chapter 15 Case. .............. 6

    D.    Withdrawal of the Reference Will Reduce Forum Shopping
            and Confusion. ............................................................................................ 8

CONCLUSION ....................................................................................................... 10

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA  90067
Tel: 310.201.4728

i      Case No. 2:21-cv-08447-RGK

REPLY OF FOREIGN DEBTOR ISO OF MOTION FOR WITHDRAWAL OF REFERENCE

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re Adelphia Commc'ns Corp. Secs. & Deriv. Litig.*,
  2006 WL 337667 (S.D.N.Y. Feb. 10, 2006) ............................................................. 8

*In re Boileau*,
  736 F.2d 503 (9th Cir. 1984) .................................................................................... 5

*In re GTS 900 F, LLC*,
  No. 2:09-BK-35127-VZ, 2010 WL 4878839
  (C.D. Cal. Nov. 23, 2010) ........................................................................................ 9

*Lone Star Industries, Inc. v. Rankin County Economic Development*
  *District (In re New York Trap Rock Corp.)*,
  158 B.R. 574 (S.D.N.Y. 1993) ................................................................................. 9

*Mishkin v. Ageloff*,
  220 B.R. 784 (S.D.N.Y. 1998) ................................................................................. 4

*Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen &*
  *Helpers*,
  124 F.3d 999 (9th Cir. 1997) ............................................................................*passim*

*Stratton v. Vita Bella Group Homes, Inc.*,
  No. CVF07-0584 LJO, 2007 U.S. Dist. LEXIS 40562, 2007 WL
  1531860 (E.D. Cal. May 24, 2007) .......................................................................... 3

**Statutes & Rules**

11 U.S.C. §§1521(a)(5) ..................................................................................*passim*

11 U.S.C. §1522(d) .......................................................................................*passim*

28 U.S.C. § 157(d) ................................................................................................ 10

Fed. R. Bankr. P. 8020 .......................................................................................... 10

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA  90067
Tel: 310.201.4728

ii                                    Case No. 2:21-cv-08447-RGK
REPLY OF FOREIGN DEBTOR ISO OF MOTION FOR WITHDRAWAL OF REFERENCE

Foreign Debtor, Vitaly Ivanovich Smagin ("Smagin" or the "Debtor"), submits this Reply to the *Foreign Representative's Objection to the Motion of Foreign Debtor for Withdrawal of Reference* [Docket No. 14] (the "Objection") filed by Evgeniy Nikolaevich Ratnikov (the "Foreign Representative" or "Ratnikov") in response to the *Motion of Foreign Debtor Vitaly Ivanovich Smagin for Withdrawal of Reference* [Docket No. 1] (the "Withdrawal Motion"), and states as follows:

## PRELIMINARY STATEMENT

The Withdrawal Motion establishes a strong basis for withdrawal of the reference based on the controlling *Security Farms* Factors. Rather than offer effective arguments in response, the Objection relates that since the filing of the Withdrawal Motion the Foreign Representative caused the Bankruptcy Court to issue an Order to Show Cause in the Chapter 15 Case based on actions of the Debtor in an appeal from that Case to this Court. That recent development demonstrates even more starkly that the reference must be withdrawn.

As explained below, in seeking and obtaining that Order to Show Cause the Foreign Representative has doubled down on precisely the forum shopping that supports withdrawal of the reference under the *Security Farms* Factors. In so doing, Mr. Ratnikov launches nothing less than a collateral attack on the prior rulings of this Court in resolving the Substitution Appeal and granting him leave to join as lead plaintiff, but not substitute in the place and stead of Smagin, in the Enforcement Action.

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

1   Case No. 2:21-cv-08447-RGK
REPLY OF FOREIGN DEBTOR ISO OF MOTION FOR WITHDRAWAL OF REFERENCE

These recent events underscore the substantial overlap that exists between the Chapter 15 Case and the Smagin Litigation Matters, and lay bare the high likelihood of inconsistent rulings that the Foreign Representative appears to seek by revisiting this Court's rulings in the Chapter 15 Case.  Failure to withdraw the reference would cause duplication of effort by the federal judiciary as one court -- in this case a lower court -- is asked to second-guess another, higher court.  In light of the *Security Farms* Factors and the recent events described in the Objection and explained below, "cause" even more clearly exists to withdraw the reference of the Chapter 15 Case to this Court.

## LEGAL ARGUMENT

### A.     The Withdrawal Motion is Timely.

The Foreign Representative's unfounded assertion that the Withdrawal Motion is untimely ignores the entire thrust of that Motion.  It is not just the relationship between the Chapter 15 Case and the Smagin Litigation Matters that compels withdrawal, but rather the Foreign Representative's conduct in the Chapter 15 Case as described in the Motion and amplified in his own Objection.

The controlling test by which to assess the timeliness of a motion to withdraw the reference is not based on the date of its filing in relation to the commencement of the bankruptcy case.  The test asks only whether the motion "was made as promptly as possible in light of the developments in the bankruptcy proceeding." *Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1007 n.3

2                                   Case No. 2:21-cv-08447-RGK
REPLY OF FOREIGN DEBTOR ISO OF MOTION FOR WITHDRAWAL OF REFERENCE

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA  90067
Tel: 310.201.4728

(9th Cir. 1997). "In essence, the courts have established a requirement that the motion to withdraw the reference be made at the first reasonable opportunity as evaluated within the *specific factual context presented*." *Stratton v. Vita Bella Group Homes, Inc.*, No. CVF07-0584 LJO, 2007 U.S. Dist. LEXIS 40562, 2007 WL 1531860, at *2 (E.D. Cal. May 24, 2007) (emphasis added).

The "specific factual context" presented here is set forth in the Withdrawal Motion, involving the recent proceedings before this Court involving (i) the Substitution Appeal that relates directly to the Enforcement Action; (ii) the repeated and ultimately futile efforts of the Foreign Representative to engage in forum shopping to avoid or rescind the transfer of the Substitution Appeal to this Division of the Court; and (iii) the complementary Orders entered in the Enforcement Action and Substitution Appeal on October 8, 2021. The pair of October 8 Orders not only confirmed that the two matters were related and inextricably intertwined, but also vindicated the legal position advanced by the Debtor regarding the method and manner of the Foreign Representative's appearance and participation in the Enforcement Action.

In the proceedings before the Bankruptcy Court, the "specific factual context" involves the "confusion" created at the October 13 Status Conference over the effect of those same October 8 Orders from this Court. Stoking that "confusion," counsel for the Foreign Representative floated a trial balloon at that Status Conference seeking "guidance from the Court" about initiating contempt proceedings against the Debtor in

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

3    Case No. 2:21-cv-08447-RGK
REPLY OF FOREIGN DEBTOR ISO OF MOTION FOR WITHDRAWAL OF REFERENCE

respect of those rulings. (Docket No. 1-19, N. Kennedy Decl., filed on October 25, 2021, Exh. 17, 8:21-23, 16:14-17:15, 23:17, 27:18-19.) Weeks later, only after the Debtor filed the Withdrawal Motion, Mr. Ratnikov filed the Show Cause Motion.

It is the occurrence of these recent triggering events in both courts since September -- and not some knee-jerk, reflexive reaction to the Foreign Representative's initial filing of the Chapter 15 Case back in June -- that the Debtor offers as the basis for the Withdrawal Motion. As the Objection itself makes clear, the grounds for withdrawal have been fortified by Ratnikov's new forum-shopping exercise in seeking an order of contempt against the Debtor *and his undersigned counsel* for pursuing the Substitution Appeal in this Court. Withdrawal of the reference will put an end to this gamesmanship, and ensure that these matters are heard by the Judge having the greatest familiarity with the facts underlying the Smagin Litigation Matters that indisputably are the only assets involved in the Chapter 15 Case.

### B. Considerations of Efficiency Support Withdrawal of the Reference.

The Foreign Representative's argument that the issues involved in the Chapter 15 Case are "within the core jurisdiction of the Bankruptcy Court," Objection, ¶ 34, is hardly dispositive, nor even relevant to the question of permissive withdrawal. *See Mishkin v. Ageloff*, 220 B.R. 784, 800 (S.D.N.Y. 1998) (assuming issue was core but granting permissive withdrawal because "critical question is efficiency and uniformity"). Rather, withdrawal is governed by the *Security Farms* Factors.

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

4    Case No. 2:21-cv-08447-RGK
REPLY OF FOREIGN DEBTOR ISO OF MOTION FOR WITHDRAWAL OF REFERENCE

The Foreign Representative's contention that the Bankruptcy Court is in a better position than the District Court to decide any novel issues that may be presented in the Chapter 15 Case is similarly unpersuasive.  In support of this speculative argument the Foreign Representative cites the Debtor's recent reservation of rights to seek, among other remedies, the appointment of an examiner in the Chapter 15 Case based on a dispute over the Foreign Representative's compliance with the Relief Order.[1]  It is simply incomprehensible that Ratnikov would rely upon his own misconduct before the Bankruptcy Court as a basis to avoid withdrawal of the reference to this Court.

Moreover, there is nothing new, novel or particularly challenging about the appointment of an examiner, which is expressly provided for in Chapter 15[2] by reference to section 1104(d) -- a provision that has been applied and explained by numerous courts.  *See In re Boileau*, 736 F.2d 503, 506 (9th Cir. 1984) (evaluating powers of an examiner).   The examiner issue, *if it arises*, will involve nothing more than the application of well-established bankruptcy law to the facts, many of which this Court is intimately familiar with based on years of presiding over the Smagin Litigation Matters.

---

[1] As set forth in the Objection, that reservation of rights was offered by the Debtor in his Response to the Foreign Representative's Third Status Report in the Chapter 15 Case, in which Ratnikov surreptitiously failed to disclose Russia-based "activities . . . relating to the Enforcement Action" -- specifically, the proposed sale or settlement of the Judgment entered by this Court against Ashot in the Enforcement Action and rights relating thereto.

[2] 11 U.S.C. §§1521(a)(5), 1522(d).

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA  90067
Tel: 310.201.4728

5                    Case No. 2:21-cv-08447-RGK
REPLY OF FOREIGN DEBTOR ISO OF MOTION FOR WITHDRAWAL OF REFERENCE

As established in the Withdrawal Motion and confirmed in the Objection, the Chapter 15 Case is about nothing other than the Subject Litigation Matters. Especially in light of the wasteful back-and-forth between the two courts -- and most notably the Foreign Representative's newly-mounted collateral attack on this Court's recent rulings in the Substitution Appeal and the Enforcement Action -- withdrawal of the reference will achieve substantial savings in time, judicial resources, and expense. This is particularly so because of this Court's extensive familiarity with the history and status of the Subject Litigation Matters that all were initiated in this Court.[3]

**C.  Withdrawal of the Reference Will Expedite the Chapter 15 Case.**

The Foreign Representative contends that the Debtor is seeking to increase fees and find a way around the provisions of the Relief Order that delimit the circumstances in which the Debtor may appear or be heard in the Smagin Litigation Matters. The assertion regarding fees is particularly frivolous, as the Foreign Representative is well aware that counsel for the Debtor is working under a contingent fee arrangement, and that the ongoing accrual of fees by the Foreign Representative (as well as those of the Independent Third Party) ultimately will be *borne by the Debtor himself*.[4]

---

[3]  This Court is also aware, of course, of Ratnikov's premature effort to intervene in and wrest control of the Enforcement Action from the Debtor even prior to his filing of the Chapter 15 Case. Enforcement Action (Case No. 2:14-cv-09764-RGK-PLA), Docket. No. 312 (Ratnikov's Motion to Intervene, filed on September 14, 2020) and Docket. No. 346 (Order Denying Motion to Intervene, filed on November 9, 2020).

[4]  This is so because, as counsel for the Foreign Representative has advised the Bankruptcy Court, Russian bankruptcy law provides that after the payment of allowed claims and expenses of administration in his bankruptcy case "the residual (will) go back to Mr. Smagin." Transcript of July 28, 2021 hearing in Chapter 15 Case, p. 61 at

6   Case No. 2:21-cv-08447-RGK
REPLY OF FOREIGN DEBTOR ISO OF MOTION FOR WITHDRAWAL OF REFERENCE

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

The argument that in seeking withdrawal of the reference the Debtor is attempting to unwind the provisions of the Relief Order that require him to seek leave in the Chapter 15 Case in order to appear and be heard in the Smagin Litigation Matters is equally mistaken.  As reflected by the entire record of the now-resolved Substitution Appeal, the Debtor followed precisely that procedure in respect of the Foreign Representative's effort to substitute, rather than intervene or join, in the Enforcement Action.

Moreover, the notion that it may be difficult or untenable for a single court to police the Debtor's compliance with that provision of the Relief Order while retaining jurisdiction over the Enforcement Action and Fraudulent Conveyance Action is similarly unpersuasive.  This Court is more than capable of wearing multiple hats and interpreting and following the provisions of the Relief Order, and Mr. Ratnikov's suggestion otherwise should be rejected.

Finally, bereft of any logical or legal arguments,, the Foreign Representative offers the irrelevant -- and demonstrably false -- assertion that "the Debtor could resolve his issues with the Moscow Court and the Foreign Representative at any time simply by directing the Alpha Trust funds to a Russian financial institution or to the Moscow Court for distribution to creditors, with residual value to the Debtor."  Objection, ¶ 45. This statement is simply untrue.  The Debtor does not control the Alpha Trust and does

---

ll. 7-11.  (Accompanying supporting Declaration of Nicholas O. Kennedy, Exh. 1). Thus, any effort by or on behalf of Mr. Smagin to run up fees only will decrease that residual value -- which he believes to be substantial -- and accordingly would be self-defeating for him and for his counsel as well.

7   Case No. 2:21-cv-08447-RGK
REPLY OF FOREIGN DEBTOR ISO OF MOTION FOR WITHDRAWAL OF REFERENCE

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

not have access to its funds, and again here Ratnikov plays fast and loose with the facts.[5]

### D. Withdrawal of the Reference Will Reduce Forum Shopping and Confusion.

On this final *Security Farms* Factor, it is abundantly clear that only through withdrawal of the reference can this Court put a stop to the gamesmanship employed by Ratnikov to seek -- or avoid -- one forum or another.[6] As described in the Withdrawal Motion, the Foreign Representative fought vehemently to prevent the transfer of the Substitution Appeal to the Judge of this Court most familiar with the history between the Debtor and Ashot -- first by opposing the transfer on the nonsensical premise that the Appeal was not related to the Enforcement Action, and then taking the extraordinary step of moving for reconsideration of the transfer order.

Unsuccessful in that extraordinary effort to oppose the transfer,[7] Ratnikov

---

[5] The irony here, of course, is that it in reality it is Ratnikov himself who is blocking the release of the Alpha Trust money from the account at CMB in Monaco. No matter what direction the Debtor may attempt to give the trustees of that Trust, the money will remain blocked at CMB because of Ratnikov's refusal to recognize the legitimate trustees and his actions in the Monaco courts to create confusion over their legitimacy.

[6] Ratnikov's suggestion that it is the Debtor who is forum shopping is simply absurd; if that were the case, then the Debtor would have moved to withdraw the reference immediately upon filing of the Chapter 15 Case back in June. The mere filing of a motion to withdraw reference does not qualify as forum shopping. *See, e.g., In re Adelphia Commc'ns Corp. Secs. & Deriv. Litig.*, 2006 WL 337667, at *5 (S.D.N.Y. Feb. 10, 2006) (finding no forum shopping motive because "both the bankruptcy court and the district court [are] bound to follow Second Circuit law, and both courts [are] located in downtown Manhattan").

[7] The only inference to be drawn from Ratnikov's vehement opposition to the routine transfer of the Appeal as a plainly related case is that he was, and remains, highly uncomfortable with the prospect of appearing before the Judge of this Court with the knowledge and awareness of the history that exists between the Debtor and Ashot, including the Debtor's assertion of the RICO claims against Ratnikov himself.

8   Case No. 2:21-cv-08447-RGK
REPLY OF FOREIGN DEBTOR ISO OF MOTION FOR WITHDRAWAL OF REFERENCE

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

doubled down on his forum shopping effort by filing the Show Cause Motion in the Chapter 15 Case.  As more fully described in his Objection, that Motion asks the Bankruptcy Court to hold the Debtor *and his counsel* in contempt for taking an appeal to this Court from the Order that denied leave to respond to the Substitution Motion in the Enforcement Action.  In so doing, Mr. Ratnikov seeks to turn the federal legal system upside down by launching a collateral attack in the Bankruptcy Court on *this Court's* disposition of the Substitution Appeal and the related Joinder Order.

The Foreign Representative also offers the baseless argument -- contradicted by the record in the Chapter 15 Case -- that the Debtor filed the Withdrawal Motion on the heels of an adverse ruling.  Both the Recognition Order and Relief Order in the Chapter 15 Case were entered on an agreed basis, and under the terms of that Relief Order the Debtor's examiner motion was consensually withdrawn.  Relief Order, p. 10, ll. 16-18.  These circumstances differ starkly from those presented in the inapposite cases cited in the Objection. *See Lone Star Industries, Inc. v. Rankin County Economic Development District (In re New York Trap Rock Corp.)*, 158 B.R. 574, 577 (S.D.N.Y. 1993) (withdrawal motion filed after bankruptcy court made findings adverse to movant regarding existence of environmental harms on certain property at time of entry into contract); *In re GTS 900 F, LLC*, No. 2:09-BK-35127-VZ, 2010 WL 4878839, at *5 (C.D. Cal. Nov. 23, 2010) (movant sought withdrawal shortly after bankruptcy court denied confirmation of amended Chapter 11 plan).  The Debtor has sought no other

9   Case No. 2:21-cv-08447-RGK
REPLY OF FOREIGN DEBTOR ISO OF MOTION FOR WITHDRAWAL OF REFERENCE

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA  90067
Tel: 310.201.4728

relief in the Chapter 15 Case to date, and that Case continues to be all about the Smagin Litigation Matters and nothing else.

Plainly, the filing of the Motion for Order to Show Cause in the Chapter 15 Case confirms that the Foreign Representative is unhappy with this Court's October 8 rulings in the Substitution Appeal and Enforcement Action. In that circumstance, the proper recourse would have been to seek rehearing or appeal in respect of one or both of those Orders, both of which avenues are now time-barred.

If aggrieved by the Debtor's prosecution of the Substitution Appeal, the proper remedy lies in this Court under Federal Rule of Bankruptcy Procedure 8020 (authorizing district court in frivolous appeal to award "just damages and single or double costs to the appellee," and to "discipline an attorney appearing before it for other misconduct.") Fed. R. Bankr. P. 8020(a), (b). Instead, Ratnikov would stand the federal judicial system on its head by seeking redress before the bankruptcy court -- using the blunt instrument of contempt as a weapon against Mr. Smagin. It is difficult to conceive of a more clear-cut exercise in forum shopping -- *specifically to avoid this Division of the District Court* -- than established by the record presented here.

## CONCLUSION

On the record presented, each of the *Security Farms* Factors is satisfied. Accordingly, the Court should withdraw the reference of the Chapter 15 Case for "cause" pursuant to 28 U.S.C. § 157(d).

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

10   Case No. 2:21-cv-08447-RGK
REPLY OF FOREIGN DEBTOR ISO OF MOTION FOR WITHDRAWAL OF REFERENCE

Dated: November 22, 2021

**BAKER & McKENZIE LLP**
Nicholas O. Kennedy
Mark D. Bloom (*Pro Hac Vice*)
Reginald Sainvil (*Pro Hac Vice*)

By: */s/ Nicholas O. Kennedy*
 Nicholas O. Kennedy
Attorneys for Foreign Debtor
VITALY IVANOVICH SMAGIN

Baker & McKenzie LLP
10250 Constellation Blvd.
Suite 1850
Los Angeles, CA 90067
Tel: 310.201.4728

Case No. 2:21-cv-08447-RGK
REPLY OF FOREIGN DEBTOR ISO OF MOTION FOR WITHDRAWAL OF REFERENCE