JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-08447-RGK | Date | December 20, 2021 |
|---|---|---|---|
| Title | *In re: Vitaly Ivanovich Smagin* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Vitaly Ivanovich Smagin's Motion for Withdrawal of Reference [DE 1]

## I.    INTRODUCTION

Presently before the Court is movant Vitaly Ivanovich Smagin's ("Smagin") Motion for Withdrawal of Reference to the Bankruptcy Court ("Motion"). For the reasons below, the Court **DENIES** Smagin's Motion.

## II.   FACTUAL BACKGROUND

In November 2014, Smagin won an award of $84,290,064.40 from the London Court of International Arbitration against Ashot Yegiazaryan ("Yegiazaryan"). Soon after, he filed a petition with this Court for confirmation of the award, and the Court confirmed the award on March 31, 2016. *See Vitaly Ivanovich Smagin v. Ashot Yegiazaryan*, 2:14-cv-09764-RGK-PLA (the "Enforcement Action"). That action, although closed, remains assigned to this Court. Smagin has been unable to collect the judgment and has filed several additional lawsuits against various defendants in attempts to recoup his award. All of Smagin's actions relating to the original judgment have been litigated before this Court.

In August 2020, the Arbitration Court of the City of Moscow ("Russian Court") commenced a bankruptcy case against Smagin and appointed Evgeniy Nikolaevich Ratnikov ("Ratnikov") as his financial manager. The Russian Court found Smagin insolvent in May 2021 and appointed Ratnikov as trustee in charge of managing the liquidation of Smagin's assets. Ratnikov thereafter initiated a case in the Bankruptcy Court for the Central District of California ("Bankruptcy Court") under Chapter 15 of the Bankruptcy Code, requesting that the Bankruptcy Court recognize the Russian Court's findings (Bankruptcy Petition No. 2:21-bk-15342-BB, the "Chapter 15 Case"). The Bankruptcy Court ultimately did so in July 2021.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08447-RGK | Date | December 20, 2021 |
|---|---|---|---|
| Title | *In re: Vitaly Ivanovich Smagin* | | |

The Bankruptcy Court's order recognizing the foreign bankruptcy granted Ratnikov the right to act as trustee over Smagin's assets in the United States, including Smagin's litigations before this Court. The Bankruptcy Court also ordered that Smagin would have no right "to interfere, appear or be heard in the District Court on behalf of the plaintiff or judgment creditor." (Chapter 15 Case, ECF No. 84, at 9.) In response to Smagin's concerns that Ratnikov may not act in Smagin's best interest, the Bankruptcy Court appointed an independent third party to, *inter alia*, monitor Ratnikov's administration of Smagin's litigations and the uncollected judgment. (*Id.* at 5–9.) The Bankruptcy Court also granted Smagin the limited right to contest any sale or settlement of the uncollected judgment from the Enforcement Action. (*Id.* at 8.)

In September 2021, Ratnikov filed a motion with this Court, requesting that he be allowed to substitute for Smagin in the Enforcement Action. (*See* Enforcement Action, ECF No. 398.) Smagin sought permission from the Bankruptcy Court to file a response, arguing that Ratnikov could intervene, but not substitute, for Smagin. The Bankruptcy Court denied Smagin's request, and Smagin appealed the denial. This Court accepted transfer of the appeal over Ratnikov's objection. (*See* 2:21-cv-07562-RGK, ECF No. 17.) The Court then ordered Ratnikov joined to the Enforcement Action as its lead plaintiff and denied as moot Ratnikov's request to substitute for Smagin. (*See* Enforcement Action ECF No. 399.) After the Court's order, Ratnikov requested that the Bankruptcy Court levy sanctions against Smagin, arguing that Smagin's appeal violated that court's order that Smagin not appear before the District Court.

### III.   JUDICIAL STANDARD

While district courts have original jurisdiction over "all civil proceedings" arising under the Bankruptcy Code and cases "related to cases" under the Bankruptcy Code, the jurisdiction is not exclusive. 28 U.S.C. §§ 157(a), 1334(a)–(b). A district court may refer these proceedings to a bankruptcy judge, and all such proceedings are automatically referred in the Central District of California. 28 U.S.C. § 157(a); *see also* C.D. Cal. General Order 13-05.

In certain circumstances, however, the automatic reference may be withdrawn, whereafter the case would proceed in the district court. Withdrawal is mandatory "in cases requiring material consideration of non-bankruptcy federal law." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997); *see also In re Tamalpais Bancorp*, 451 B.R. 6, 8 (N.D. Cal. 2011) ("[Mandatory withdrawal] is reserved for cases where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08447-RGK | Date | December 20, 2021 |
|---|---|---|---|
| Title | *In re: Vitaly Ivanovich Smagin* | | |

When withdrawal is not mandatory, the district court may permissively withdraw the reference "on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). To determine whether cause exists, the court should consider the "*Security Farms*" factors: "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008. The party seeking withdrawal bears the burden of persuasion. *In re Tamalpais*, 451 B.R. at 8.

## IV.  DISCUSSION

Smagin argues that the *Security Farms* factors favor withdrawal of the reference, primarily because this Court is intimately familiar with the facts surrounding his uncollected judgment and the related litigations, while the Bankruptcy Court is not. Ratnikov counters that the Chapter 15 Case involves complex bankruptcy issues that are not necessarily intertwined with Smagin's litigations and that Smagin is engaging in blatant forum-shopping with this Motion. Because neither party argues that withdrawal is mandatory, the Court addresses the permissive withdrawal factors in turn.

### A.  Judicial Efficiency

Smagin argues that considerations of efficiency warrant withdrawal of the reference, based on this Court's familiarity with his prior litigations. The Court disagrees.

A primary factor when analyzing whether judicial efficiency favors withdrawal is whether the issues are "core or non-core." *Sec. Farms*, 124 F.3d at 1008. A core issue is one that either invokes a "substantive right provided by" the Bankruptcy Code, or involves a proceeding "that, by its nature, could arise only in the context of a bankruptcy case." *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000). "Non-core" claims, conversely, are those that "do not depend on bankruptcy laws for their existence and that could proceed in another court." *Sec. Farms*, 124 F.3d at 1008. Though a determination of "whether claims are core or non-core is not dispositive of a motion to withdraw the reference," it weighs heavily on the decision, as it will typically be more efficient for the bankruptcy court to review core issues given its expertise with the Bankruptcy Code. *Hjelmeset v. Cheng Hung*, 2018 WL 558917, at *3 (N.D. Cal. Jan. 25, 2018).

The parties seem to agree that the issues presented by the Chapter 15 case are "core" bankruptcy issues. After all, Ratnikov's disposal of Smagin's assets must be analyzed under the Bankruptcy Code. The Bankruptcy Court's order granting Ratnikov trustee powers required that he "administer and exercise all of the Debtor's rights and powers concerning or relating to [his litigations] under and to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08447-RGK | Date | December 20, 2021 |
|---|---|---|---|
| Title | *In re: Vitaly Ivanovich Smagin* | | |

extent *provided by sections 363 and 552 of the Bankruptcy Code*, and, to the extent applicable, *in compliance with section 554 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure.*" (Chapter 15 Case Protection Order, Rafatjoo Decl. Ex. 3, at 4 (emphasis added).) Any proposed sale of Smagin's United States assets will also be evaluated under the Bankruptcy Code. (*Id.* at 6, 8.) Finally, the parties vehemently disagree over Ratnikov's actions in the Russian proceedings, a dispute that implicates the interaction between U.S. and Russian bankruptcy laws.[1] These are all issues grounded in bankruptcy law.

Smagin argues that the Chapter 15 Case's "core" status is not dispositive, and that it would be efficient to withdraw the reference because his only assets in that Case are the uncollected judgment and the various litigations related to it—all of which either have been or are currently before this Court. But just because there is some relation between the assets in the Chapter 15 Case and the facts known to this Court does not mean the Court is best situated to adjudicate complex issues of bankruptcy law. To the contrary, it is the Bankruptcy Court that has "unique knowledge of Title 11." *In re The Mortgage Store, Inc.*, 2011 WL 5056990, at *6 (D. Haw. Oct. 5, 2011). The fact that the bulk of the recent disputes in the Chapter 15 Case relate to whether the parties are violating the Bankruptcy Court's orders emphasizes the inefficiency of withdrawal here.[2] After all, the Bankruptcy Court is unequivocally better situated than this Court to interpret its own carefully crafted orders.

Withdrawing the reference here "would result in losing the benefit of the bankruptcy court's experience in both the law and facts, resulting in an inefficient allocation of judicial resources." *In re Heller Ehrman LLP*, 464 B.R. 348, 360 (N.D. Cal. 2011); *cf. Sec. Farms*, 124 F.3d at 1008 (finding efficiency favored withdrawal where claims to be withdrawn were "state law claims [that] did not depend on Title 11 . . . [and] were in federal court only because of their potential impact on the administration of [Defendant's] estate"). This factor disfavors withdrawal.

---

[1] For example, in a recent spat over Ratnikov's status update to the Bankruptcy Court, Smagin argues that Ratnikov's attempt to sell the uncollected judgment in Russia "is in the nature of a reverse Dutch auction," which Smagin believes is "unfair," and that Ratnikov needs "approval as would be required to sell this US Judgment." (Foreign Debtor V. Smagin's Response to Fourth Status Report of the Foreign Representative, Chapter 15 Case, ECF No. 157, ¶ 15.)
[2] Indeed, the impetus for this Motion appears to be Ratnikov's accusation (and accompanying request for sanctions) that Smagin violated the Bankruptcy Court's order when he previously appealed its decision to this Court.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08447-RGK | Date | December 20, 2021 |
|---|---|---|---|
| Title | *In re: Vitaly Ivanovich Smagin* | | |

### B. Forum-Shopping

Smagin argues that Ratnikov has done everything in his power to keep bankruptcy disputes out of this Court and that his actions indicate that he is forum-shopping. Ratnikov counters that Smagin only filed this Motion after he suffered a string of defeats in the Chapter 15 Case, which is far clearer evidence of forum-shopping. The Court agrees with Ratnikov.

Evidence of forum shopping weighs against a district court withdrawing the reference. *See In re Molina*, 2010 WL 3516107, at *2 (N.D. Cal. Sept. 8, 2010). A Court's decision to withdraw "should be employ[ed] judiciously in order to prevent [withdrawal] from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court." *In re GTS 900 F, LLC*, 2010 WL 4878839, at *5 (C.D. Cal. Nov. 23, 2010). A party's motion to withdraw the reference after a bankruptcy court has made adverse rulings against it increases the likelihood that the party is forum shopping. *See In re N.Y. Trap Rock Corp.*, 158 B.R. 574, 577 (S.D.N.Y. 1993).

Smagin's actions here present the indicia of forum-shopping. Ratnikov opened the Chapter 15 Case in June 2021. At that time, Smagin knew of the factual relationship between the assets at issue in the Chapter 15 case and his litigations before this Court. Nonetheless, he did not file a motion to withdraw. Since the Chapter 15 case commenced, Smagin has suffered several defeats: his rights to litigate have been severely limited, he was not allowed to file an opposition to Ratnikov's motion to substitute into the Enforcement Action, and he is currently facing potential sanctions. Only after these adverse events has he brought this Motion to Withdraw. Smagin is clearly "eager to find a way out of bankruptcy court," to a Court that has ruled in his favor in the past, and his blatant "litigation tactic" weighs against withdrawing the reference here. *In re GTS 900 F, LLC*, 2010 WL 4878839, at *5.

### C. Remaining Factors

The remaining factors—costs to the parties and uniformity of bankruptcy administration—likewise do not favor withdrawal. Smagin argues that, because future appeals from the Bankruptcy Court are likely, both parties will incur significant costs due to what he calls "the unnecessary game of ping pong between two different courts." (Mot. at 17.) Taken to its "logical extreme," Smagin's argument would lead to a conclusion that every district court should withdraw reference from the bankruptcy court "because one way or another everything that happens in the bankruptcy court is reviewable by the district court." *In re G-I Holdings, Inc.*, 295 B.R. 211, 216 (D.N.J. 2003). The Court declines to follow Smagin on this particular intellectual odyssey, particularly when it is Smagin himself who has thus far initiated the ping-pong game.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-08447-RGK | Date | December 20, 2021 |
|---|---|---|---|
| Title | *In re: Vitaly Ivanovich Smagin* | | |

Finally, neither party argues that the uniformity of bankruptcy administration materially affects the outcome here. The Court finds that this factor does not favor withdrawal and has no interest in "derail[ing] the [bankruptcy] process provided by statute." *In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002) (quoting *Powelson v. More (In re Powelson)*, 878 F.2d 976, 982 (7th Cir. 1989)).

## V.   CONCLUSION

The burden of demonstrating that a district court should withdraw the reference is on the party seeking withdrawal, and Smagin has failed to establish that any of the four factors favor withdrawal. Accordingly, the Court **DENIES** Smagin's Motion.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer